# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NABIL DWEIB SALEM<br>    Plaintiff,<br><br>v.<br><br>DEFENDANT "1" a/k/a "Anna Asfahany" and JOHN DOES 1-20, as yet unidentified Individuals, Business Entities and/or Unincorporated Associations,<br><br>    Defendants. | CASE NO. 3:24-cv-00093 |

## COMPLAINT FOR
## <u>CONVERSION OF STOLEN CRYPTOCURRENCIES</u>

Plaintiff, Nabil Dweib Salem, by and through undersigned counsel, sues Defendant "1" a/k/a "Anna Asfahany" and John Does 1-20, as follows:

### PRELIMINARY STATEMENT

1. Defendants stole cryptocurrency from Plaintiff which at the time of the theft had an approximate value of two hundred twenty-one thousand nine hundred ninety-eight dollars ($221,998.00) pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme.

2. Defendant "1" played a material role in the theft of Plaintiff's assets, and upon information and belief, currently possesses all or a significant portion of Plaintiff's stolen property.

3. Plaintiff brings this lawsuit to recover their stolen assets.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This is an action for damages related to the theft of Plaintiff's cryptocurrency assets as detailed below. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

5. Venue is proper in this District pursuant to 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c).

## THE PARTIES AND PERSONAL JURISDICTION

1. Plaintiff, Nabil Salem, an individual, is *sui juris*, and is a resident and citizen of California.

2. Defendant "1" is an individual, is sui juris, and is subject to the personal jurisdiction of this Court. Defendant "1" represented to Plaintiff Nabil Dweib Salem that her name was "Anna Asfahany." Defendant "1" represented to Plaintiff that she was American. However, the parties' communications demonstrated that Defendant "1" was likely located in Tokyo, Japan, as further evidence by the location of the IP address discussed below.

3. Defendants JOHN DOES 1-20 are as of yet unidentified Individuals, Business Entities, and/or Unincorporated Associations, cohorts of Defendant "1," are *sui juris*, and are subject to the personal jurisdiction of this Court.

4. At all times material hereto, Defendants have maintained and continue to maintain private cryptocurrency wallets and cryptocurrency exchange accounts in

which all of or a portion of Plaintiffs' stolen cryptocurrency currently sits.

5. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through at least a fraudulent website (www.coin-crypto.win/h5/#/) which can be accessed on the internet and on smartphones and are accessible from Florida.

6. Moreover, every website has at least one associated IP address that it uses to communicate with devices on a network. The IP address for www.coin-crypto.win/h5/#/, the fraudulent website used by Defendant to steal funds from Plaintiff, is 47.245.8.205. The www.coin-crypto.win/h5/#/ IP address has been tracked to Tokyo, Japan.

7. Thus, alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## ALLEGATIONS COMMON TO ALL COUNTS

A. **Defendants Execute an International Cryptocurrency Theft Scheme**

8. On or about on March 13, 2023, Plaintiff met Defendant "1" a/k/a "Anna Asfahany" who communicated with Plaintiff via Whatsapp. Defendant "1"

invited Plaintiff to a chat group named "David's Fan Club – 708" on WhatsApp, which was created by +1(814)997-9796 and was advertised as a high return crypto currency group.

9. Defendant "1" misrepresented that she would teach Plaintiff how to become a successful cryptocurrency trader.

10. Defendant "1" lured Plaintiff by showing him examples over Whatsapp of how she was successfully earning high returns on her cryptocurrency trading methods.

11. Defendant "1" represented to Plaintiff that she was using a trusted website, www.coin-crypto.win/h5/#/, that, according to Defendant "1", was owned and operated by coin-crypto.win.

12. The IP address for www.coin-crypto.win/h5/#/, the fraudulent website used by Defendant to steal funds from Plaintiff, is 47.245.8.205, which has been traced to a location in Tokyo, Japan.

13. NameSilo, LLC was identified as the Registrar and as the Nameserver for the URL coincrypto.win.

14. Defendant "1" assisted Plaintiff in accessing www.coin-crypto.win/h5/#/ which she claimed was the coin-crypto.win trading exchange website. However, the application she provided to Plaintiff was not a legitimate exchange website but was instead a fraudulent website created to deceive

individuals, including Plaintiff, into believing they were investing on a legitimate cryptocurrency exchange.

15. On or about March 30, 2023, Defendant "1" Plaintiff made an initial transfer of approximately $4,882.00 worth of cryptocurrency over two (2) transactions from his Crypto.com account into the fraudulent website www.coin-crypto.win/h5/#/.

16. After familiarizing himself with the process of trading on the fraudulent website recommended by Defendant "1," and in reliance on the foregoing false and fraudulent misrepresentations, Plaintiff started to transfer cryptocurrency from his Crypto.com account, a legitimate third-party online platform for buying, selling, transferring, and storing cryptocurrency, to the fraudulent platform.

17. Defendants posted fraudulent returns on their website, which made it appear that Plaintiff was profiting on his trades. As a result, he continued to transfer cryptocurrency from his Crypto.com account to the fraudulent exchange.

18. Defendants requested additional funds from Plaintiff to cover "service fees" equal to fifteen percent (15%) of the fraudulent returns reflected on the exchange.

19. Plaintiff was eventually convinced to invest more into the fraudulent coin-crypto.win platform after Defendant "1" promised a 300% return on Plaintiff's investment.

20. Because of the fraudulent representations contained on the fake coin-crypto.win account, and misrepresentations made by Defendant "1", Plaintiff believed that he had made significant money from the investment.

21. By May 2023, Plaintiff believed he had made a considerable amount of money. In fact, Plaintiff was told by Defendant "1" that the value of his cryptocurrency had grown from approximately two hundred twenty-one thousand nine hundred ninety-eight dollars ($221,998.00) to approximately four million six hundred thousand dollars ($4,600,000.00), which was also reflected on the fraudulent coin-crypto.win application.

22. Plaintiff was happy with what he believed was a significant return on Plaintiff's investment. Relying on the Defendants false statements, Plaintiff transferred an additional $22,000.00 worth of USDT to the fake coin-crypto.win account to cover additional service fees.

23. Unfortunately, even after paying what he thought were the service fees owed on his investments, Plaintiff made numerous unsuccessful attempts to transfer the cryptocurrency from the fake coin-crypto.win account back to his Crypto.com account and was blocked from the WhatsApp group. Plaintiff's assets were locked on coin-crypto.win, and Plaintiff was unable to text or call Defendant "1".

**B. Plaintiff's Forensic Tracing of Their Stolen Cryptocurrency**

24. When a transaction is made on the blockchain it is assigned a

"transaction hash" ("TXID"). A transaction hash is a unique string of characters that is given to every transaction that is verified and added to the blockchain. A TXID is used to uniquely identify a particular transaction. All on-chain transactions (the transactions from or to external addresses) have a unique TXID that can be seen in transaction details. All on-chain transactions (depositing and withdrawing of funds) have a unique TXID that can be found in transaction details.

25. Within the time frame of March 13, 2023, and June 20, 2023, Plaintiff made seven (7) transactions from his Crypto.com account to the fraudulent exchange. In total, Plaintiff transferred approximately 221,609.18 Tether (USDT) to the fraudulent exchange, which had a market value at the time of approximately $221,998.00 (USD).

26. Plaintiff has retained forensic cryptocurrency tracing experts who have traced Plaintiffs stolen assets on the blockchain. Attached hereto as Exhibit 1 is the tracing report completed by experts at CNC Intelligence, Inc. Plaintiff incorporates Exhibit 1 into his verified complaint.

## COUNT 1
## CONVERSION

27. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 26 above, as if fully and expressly set forth herein, and further alleges as follows.

28. As more fully alleged above, Defendants misappropriated Plaintiff's funds.

29. Defendants have converted Plaintiff's funds to their own use or to the use of others not entitled thereto and have exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

30. Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion.

**WHEREFORE**, Plaintiff Nabil Dweib Salem demands that judgment be entered against Defendant "1" and John Does 1-20, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

31. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 30 above, as if fully and expressly set forth herein, and further alleges as follows.

32. Plaintiff conferred a direct benefit upon Defendants by transferring the valuable cryptocurrency that Defendants converted from Plaintiff.

33. Defendants have knowledge of the benefit Plaintiff conferred upon them and have retained such benefit.

34. The circumstances under which Plaintiff conferred, and Defendants

accepted, such benefit render Defendants' retention of the benefits inequitable.

35. Equity required that Defendants return to Plaintiff the benefits he conferred upon Defendants.

**WHEREFORE**, Plaintiff Nabil Dweib Salem demands that judgment be entered against Defendant "1" and JOHN DOES 1-20, jointly and severally, for damages, interest, costs, and such other further relief as this Court deems just and proper.

## COUNT III
## IMPOSITION OF CONSTRUCTIVE TRUST AND DISGORGEMENT OF FUNDS

36. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 35 above, as if fully and expressly set forth herein, and further alleges as follows.

37. This is an action to impose a constructive trust upon the property taken from Plaintiff that is currently held by Defendants.

38. This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

39. As set forth above, Defendants—through actual fraud, misappropriation, conversion, theft, or other questionable means—obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendants should not be permitted to hold.

40. As set forth in Exhibit A, the cryptocurrency assets at issue are specific identifiable property and have been traced to Binance, OKX and Crypto.com.

41. Any and all assets being held by Defendants at Binance, OKX and Crypto.com must be held in trust for Plaintiff's benefit, and Defendants are not entitled to the benefit of wrongfully misappropriated, converted and stolen cryptocurrency assets that were taken from Plaintiff.

42. The digital assets identified herein which are being held by Defendants at Binance, OKX and Crypto.com must be disgorged to Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen cryptocurrency assets that were taken from Plaintiff.

**WHEREFORE**, Plaintiff Nabil Dweib Salem demands the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently under the control of Defendant "1" and/or JOHN DOES 1-20, in the identified cryptocurrency wallet addresses held at Binance, OKX and Crypto.com and further demands that the wrongfully obtained property be returned to Plaintiff.

## COUNT IV
## CONSPIRACY

43. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 42 above as if fully and expressly set forth herein and further alleges as follows.

44. The Defendants conspired and confederated with each other to commit,

and committed, Conversion (Count I); and Unjust Enrichment (Count II).

45. Plaintiff has suffered damages as a direct and proximate result of Defendants' conspiracy.

**WHEREFORE**, Plaintiff Nabil Dweib Salem demands that judgment be entered against Defendant "1" and JOHN DOES 1-20, jointly and severally, for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## **VERIFICATION**

I, NABIL DWEIB SALEM, hereby declare under penalty of perjury that I have read the foregoing COMPLAINT FOR CONVERSION OF STOLEN CRYPTOCURRENCY and verify that all statements herein are true and correct to the best of my knowledge, understanding, and belief.

Dated: February 26, 2024          _____
                                                            NABIL DWEIB SALEM, Plaintiff

Dated: February 29, 2024          Respectfully Submitted,

                                                            By: */s/ D. Nikki Guntner*

                                                            D. Nicole Guntner
                                                            FL Bar No. 1028925
                                                            AYLSTOCK, WITKIN,
                                                            KREIS & OVERHOLTZ, PLLC
                                                            17 East Main Street, Suite 200
                                                            Pensacola, FL 32502
                                                            Telephone: 850-202-1010
                                                            Fax: 850-916-7449
                                                            nguntner@awkolaw.com

                                                            *Attorneys for Plaintiff*